CARBONELL *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Germán.

No. 62.—Decided February 11, 1911.

RECORD—JUDGMENT BY DEFAULT.—The provision of section 140 ·of the Code of Civil Procedure to the effect that when the summons in an action has not been personally served on the defendant, the court may allow him to answer it at any time within one year after the rendition of the judgment, *does not imply the recognition of a right* in favor of the defendant to the extent that such judgment cannot be considered final nor be executed until the expiration of said term; and according to section 325 of the same code, it is not necessary, for the purposes of section 140, aforesaid, that notice of the judgment by default be personally served on the defendant.

JURISDICTION—CASES WHERE THE ACTION IS NOT COMMENCED IN THE PROPER DISTRICT.—Although actions to recover possession of real property, or a part ownership or interest therein, or to determine, in any manner, said right or interest, must be prosecuted in the district where the subject-matter of the action is situated; should the action be commenced in a different district, it may be tried therein, if the defendant does not demand the removal of the case to the proper district, pursuant to section 82 of the Code of Civil Procedure, which provision is applicable to cases where the summons is made by publication and the defendant fails. to appear to answer the complaint.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In proceedings instituted in the Municipal Court of San Germán by Celedonio Carbonell y Casabó, known as Jorge Celedonio, against Ramón Rafael Carbonell y Casabó, residing in Mexico, for the purpose of securing the execution of a deed of sale to a joint ownership in an estate situated in

*barrio* Llanos Costa, municipality of Cabo Rojo, the aforesaid court pronounced judgment on April 12, 1910, ordering the defendant, whose default had been entered, to execute within five days a deed conveying to the plaintiff the joint ownership referred to in the complaint; and a writ having been issued to the marshal of the court directing him to execute said deed, in the name and by default of Ramón Carbonell y Casabó, said marshal did so in compliance therewith, on April 28, 1910, before Notary Benito Forés, of San Germán.

A copy of said deed having been presented to the Registrar of Property of San Germán for admission to record, this was done on May 12 following, with the curable defects that it did not show the manner in which the summons had been served on the defendant, for the purposes of section 140 of the Code of Civil Procedure, nor whether said defendant had submitted to the jurisdiction of the Municipal Court of San Germán, pursuant to sections 75 and 76 of the aforesaid code.

This Supreme Court sustained the registrar's memorandum in an order of June 2, 1910, for the reasons set forth in the opinion on which it was based; and Celedonio Carbonell y Casabó again presented the same deed to the registrar joining thereto, for the purpose of correcting the defects previously noted, a certificate issued by the clerk of the Municipal Court of San Germán attesting that by reason of the absence of the defendant in Mexico, summons had been served on him by weekly publication during one month in the newspaper *La Bandera Americana* of Mayagüez, copies of the complaint and the summons having been mailed to his place of residence, he failing to appear for the purpose of answering the complaint, wherefore, after the period fixed by law had elapsed, at the request of the plaintiff, his default was entered and judgment rendered from which he had taken no appeal.

The registrar held that the defects mentioned in the mem-

orandum of May 12 had not been corrected, because a judgment by default cannot be considered final if notice thereof be not personally served on the defendant, which service has not been proven, and because the estate whose joint ownership is at issue being situated in Cabo Rojo, it does not appear that the Municipal Court of San Germán had legally acquired jurisdiction to take cognizance of the case and pronounce judgment thereon.

The decision refusing to correct defects is dated June 21, 1910, and from it an appeal has been taken to this Supreme Court.

As to the first-mentioned defect, it has been shown that the defendant being absent in Mexico, summons was served on him by publication, and in view thereof the registrar holds that inasmuch as it does not appear that notice of the judgment had been personally served on him, said judgment cannot be considered final.

It is true that section 140 of the Code of Civil Procedure provides that *when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after rendition of any judgment in such action to answer to the merits of the original action;* but this discretional power allowed the court does not imply the recognition of a right in favor of the defendant to have the judgment remain pending execution during one year, in expectation that the defendant may apply to the court for a permission which the court, in the exercise of its discretion, may grant or not. Nor is it necessary that notice of the judgment be personally served on the defaulted defendant for the purposes of section 140 aforesaid, inasmuch as section 323 provides that *where a defendant has not appeared, service of notice of papers need not be made upon him, unless he is imprisoned in the action for want of bail,* a circumstance not found in the case of Ramón Rafael Carbonell y Casabó.

As to the second defect, namely, that the Municipal Court of San Germán had not acquired jurisdiction to take cognizance of the case. and pronounce judgment thereon, we are of the opinion that said court, according to section 98 of the Code of Civil Procedure, from the time of the completion of the publication ordering that the defendant be summoned, acquired jurisdiction of the parties and control of all the subsequent proceedings.

In accordance with section 75 of the aforesaid code, actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, as happens with the action which gave rise to the deed of April 28, 1910, must be tried in the district in which the subject of the action is situated, which in the present case is Cabo Rojo, and not San Germán; but as section 82 provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district, which requisites have not been complied with, we must conclude that the San Germán court had jurisdiction to hear and decide the case in question. The Cabo Rojo court could not, on its own motion and without the demand of the defendant, waive the hearing of the case.

For the foregoing reasons we hold that the defects noted by the Registrar of San Germán in his memorandum of May 12, 1910, have been corrected, and that, consequently, the decision of June 21 following should. be reversed and the registrar ordered to act in conformity with the principles and doctrine set forth in the present opinion.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.